[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10994
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00082-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PHILLIP KESSLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 16, 2011)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Michael Phillip Kessler appeals his convictions and sentences for

manufacturing more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii), and conspiracy to manufacture and possess with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vii). Kessler raises several issues on appeal, which we address in turn. After review, we affirm Kessler's convictions and sentences.

I.

Kessler first argues there was insufficient evidence to support his convictions because the testimony of his unindicted co-conspirator, Eric Rogers, was so incredible that, as a matter of law, no rational trier of fact could rely upon his testimony to sustain Kessler's conviction. He argues Rogers was the only person to connect him to the growing operation and letting his conviction stand on the basis of Rogers' testimony would result in a complete miscarriage of justice.

We review *de novo* the disposition of a defendant's properly preserved motion for judgment of acquittal. *United States v. Perez-Tosta*, 36 F.3d 1552, 1556 (11th Cir. 1994).

To obtain a conviction under § 841(a)(1), the Government had to prove beyond a reasonable doubt that Kessler knowingly or intentionally manufactured marijuana. *See* 21 U.S.C. § 841(a)(1). With regard to the conspiracy charge, the Government had to prove: (1) an illegal agreement existed to manufacture or

2

possess with intent to distribute marijuana; (2) Kessler knew of the agreement; and (3) Kessler knowingly and voluntarily joined the agreement. *See United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002).

Viewing all the evidence in the light most favorable to the Government, there was sufficient evidence to support Kessler's convictions. First, contrary to Kessler's assertion, Rogers did not provide the only testimony linking Kessler to the home at 9014 Bone Bluff Drive. McCullom testified he rented the home to a man named Michael Kessler and he was paid from Kessler's bank account. Kessler's bank accounts revealed he had made monthly payments to McCullum. Moreover, the home's electricity was in Kessler's name.

Further, Rogers' testimony was not incredible as a matter of law.[1] Rogers' prior conviction, status as a cooperating witness, and capacity for truthfulness were explored on both direct and cross-examination. The trial judge properly instructed the jury on how to assess the credibility of witnesses and the particular caution that should be exercised when assessing the credibility of a cooperating witness. Thus, to the extent Rogers' testimony was necessary to convict Kessler,

---

[1]We have repeatedly acknowledged that credibility determinations should be made by the jury. *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (collecting cases). Unless the witness's testimony was incredible as a matter of law, courts should not disturb the jury's credibility determination. *Id.*

the jury's verdict implicitly reveals the jury found Rogers credible despite the impeaching evidence presented. Kessler cannot establish Rogers' testimony was incredible as a matter of law merely by pointing out that he had lied in the past, been involved in criminal activity, and stood to benefit from his testimony. *See United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985).

## II.

Kessler also challenges the district court's finding that the offenses of conviction involved 100 or more marijuana plants. Kessler asserts: (1) only Detective Tara Milstead testified there were 100 or more plants that were live and mature, with leaves and readily observable root formation; (2) Milstead's credibility was impeached by the testimony of the other witnesses who did not observe 100 or more marijuana plants; and (3) the district court's reliance on the jury's special finding that the offenses involved 100 or more plants was not specific enough to establish the threshold amount for triggering the ten-year mandatory minimum sentence.

We review a district court's factual findings regarding drug quantity for clear error. *United States v. Robinson*, 935 F.2d 201, 205 (11th Cir. 1991).[2]

---

[2]A district court's factual findings are not clearly erroneous when they are supported by the testimony of law enforcement officers. *United States v. Shields*, 87 F.3d 1194, 1196 n.1 (11th Cir. 1996) (*en banc*).

The Sentencing Guidelines provide that "a 'plant' is an organism having leaves and a readily observable root formation (*e.g.*, a marihuana cutting having roots, a rootball, or root hairs is a marihuana plant)." U.S.S.G. § 2D1.1(c) cmt. n.17; *see also United States v. Foree*, 43 F.3d 1572, 1579-81 (11th Cir. 1995) (holding that for sentencing purposes, cuttings and seedlings are not marijuana plants unless there is some readily observable evidence of root formation).

The district court did not clearly err when it found Kessler was responsible for more than 100 marijuana plants and, thus, subject to a ten-year mandatory minimum. First, Milstead's testimony supported the district court's finding. Milstead testified three times about the amount of drugs found at 9014 Bone Bluff Drive, and all three times she stated there were more than 200 marijuana plants. She also testified she observed root formations on all the plants she counted.

Milstead's testimony was not impeached by that of the other witnesses. To the extent McCollum and Brinkeroff testified there were a smaller number of plants, their estimates do not include plants that were found in the garage. Moreover, Rogers testified there were 8 plants in one closet, roughly 50 plants in the other closet, and 64 plants in the garage, and he was sure the cuttings had roots when they were seized.

Further, the jury's verdict supported the district court's finding. The jury

was instructed that a marijuana plant is defined as an organism having leaves and a readily observable root formation and that cuttings could not count as plants unless they had some readily observable evidence of root formation. The jury then specifically found both counts involved 100 or more marijuana plants. Accordingly, we affirm Kessler's convictions and sentences.

**AFFIRMED.**